[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PETITION TO INTERPRET TRUST AGREEMENT AND APPLICATION TO RESIGN AS TRUSTEE
This is an application by Lunsford Richardson, Jr., Trustee, of a trust created by H. Smith Richardson, his uncle. He brings this action to have the court determine the procedure for the naming of a successor trustee or trustees, both at this time when he wishes to resign and in the future when other trustees may be in office.
While this action is brought against the various beneficiaries of the trust listed in the complaint and represented in this court by counsel, this is not an adversary proceeding. All of the beneficiaries, through their counsel and the guardian ad litem for the minor beneficiaries, have expressed agreement with the purpose of this action and with the proposal of the plaintiff to do two things: (1) confirm his CT Page 11441 resignation and appoint each of his nominees as a successor as of the date the successor signs an acceptance of trusteeship form; and (2) establish a procedure for the appointment of future trustees without requiring an expensive and time consuming lawsuit.
The present trustee was appointed by his father who was the trustee before him. The plaintiff now seeks to appoint three of the beneficiaries as trustees of separate parts of the trust as follows:
1. H. Smith Richardson, III, of Atlanta, Georgia as sole successor trustee of the trust known as A-5 and A-4 (sometimes referred to as Piedmont Account Nos. 11003 and 12003 respectively);
2. Barbara Richardson Evans of Summit, New Jersey as sole successor trustee of the trust designated as A-1 (sometimes referred to as Piedmont Account No. 13003);
3. Heather Stuart Richardson of New York, New York as sole successor trustee of a sub-trust created out of the trust designated as A-2 (more particularly referred to as Piedmont Account No. 14304).
The plaintiff further asks that the successor trustees serve without bond and that their compensation be established by the adult beneficiaries of the trusts. He also asks that reasonable sums be allowed to the guardian ad litem, John Orne Green, for his services. In addition, the plaintiff asks that his resignation be confirmed as of March 9, 1992, and that he be discharged from all further liability in connection with his doings as successor trustee of the trusts created under each of the five trust agreements during the period in which he served as trustee.
The court took no evidence, and the parties offered none. There was a statement not challenged by any of the counsel that two of the named defendants were not beneficiaries and, therefore, the suit as to them had been withdrawn. The court ordered counsel for the plaintiff to provide the court with proof that notice had been given those two beneficiaries who were Domingo Daniel George Van Dyk and James Enrique Van Dyk. CT Page 11442
The first question is whether this court has any jurisdiction since some but not all of the beneficiaries reside outside of the state of Connecticut. The rule as the Supreme Court of our state enunciated in the case of United States Trust v. Bohart, 197 Conn. 34 at p. 38, states:
 . . . a defendant not present within the territory of the forum have certain minimum contacts with it such that the maintenance of the suit does not affect traditional notions of fair play and substantial justice. [Citations omitted.]
 In addition to the requirement of minimum contacts there is also the requirement that the exercise of that jurisdiction also meet due process requirements of foreseeability and fairness: that is to say that the defendant's conduct in connection with the forum state are such that he should reasonably anticipate being haled into court there. [At page 41, citations omitted.]
In this case there is no objection to the exercise of the court's jurisdiction by any of the parties. In fact all of the parties have appeared through counsel and so they have waived any such claim. In addition, thirteen of the thirty beneficiaries do reside in Connecticut. The donor and the original trustee both reside in Connecticut and the successor trustee resided in Connecticut. The present trustee also resides in Connecticut.
Furthermore, there have been a number of other actions referred to by counsel but not precisely identified involving the same group of trusts and much the same question: that is, the appointment of a successor trustee. All of these actions were brought in the Connecticut Superior Court and at no time was jurisdiction either attacked or denied.
The fact that all of the defendants are beneficiaries of the trusts which have been before Connecticut courts in the past and of which a Connecticut resident has been a trustee until now would certainly indicate that they could reasonably be expected to be haled into court in Connecticut especially since the one reason for coming to court, once the procedure is CT Page 11443 established for the appointment of a successor trustee, is to enable a beneficiary to protest against the appointment of any successor trustee as being unfit or otherwise inappropriate.
Consequently, the court finds that it has jurisdiction over this matter.
The next question is how successor trustees may be appointed without resorting to court action. The answer to this question depends, in the first instance, upon the interpretation of the trust instrument. The Connecticut Supreme Court has definitively laid down the rule of law to be applied in the interpretation of trust instruments in the case of Connecticut Bank Trust v. Lyman, 148 Conn. 273 at pp. 278, 280, where the following language appears:
 We have rigorously adhered to the rule that a valid trust should be protected against unauthorized change, alteration or termination by agreement on the part of the beneficiaries. (Citations omitted.)
 . . . . On the other hand, we cannot rewrite . . . a trust instrument. The expressed intent must control although this is to be determined from reading the instrument as a whole in the light of the circumstances surrounding the . . . settlor when the instrument was executed including the condition of his estate, his relations to his family and beneficiaries and their situation and condition. "The construing court will put itself as far as possible in the position of the (settlor) in the effort to construe any uncertain language used by him in such a way as shall conformably to the language give force and effect to his intention." (Citations omitted.) But "the quest is to determine the meaning of what the settlor said and not to speculate on what he meant to say." (Citations omitted.)
In this case the settlor went to a great deal of trouble to establish a means by which successor trustees would be appointed, having first set forth a procedure for an CT Page 11444 individual trustee or a group of trustees to appoint his or their successors. He then provided that the members of the Board of Directors of the Vick Financial Corporation by majority vote would be authorized to appoint a successor trustee or trustees. Further, in the event that that corporation was no longer in existence or failed to exercise that authority, then the members of the Board of Directors of the Vick Chemical Company by majority vote were authorized to make such an appointment. And if the Vick Chemical Company is no longer in existence (as is the case) or shall fail to exercise the authority so conferred, then the duly qualified executer or executors under the last will and testament of the first trustee, Lunsford Richardson, shall become successor trustee or trustees upon the execution of a declaration of acceptance of the appointment or appointments.
Clearly, the settlor anticipated the possibility that the corporations would not be in existence but apparently did not anticipate the possibility that his brother would not be in existence long enough to have an executor of his estate in existence indefinitely.
Clearly, too, it would seem that the intent of the settlor, both from this paragraph and other paragraphs in the trust instrument which gives almost unlimited power to the trustees with respect to their administration of the funds and also with respect to their not being required to give bond or to provide an accounting to the court so long as successor trustee or trustees approved their accounting, certainly suggests the intent of the settlor to permit the trustees to continue to provide for the administration of this trust until its termination by operation of law.
It seems to the court that the means which were established by the donor-settlor to provide for the appointment of the trustees only needs to be extended. Thus, to prevent a resignation or death without the designation of a successor, each trustee should, upon his acceptance of the appointment as a trustee, also designate one or more successor trustees effective upon his resignation or death and their acceptance of the appointment provided, however, that any beneficiary may object to the trustee or trustees so named as successor or successors and petition the Superior Court to prevent his or their appointment and/or obtain his or their removal. CT Page 11445
In the event that the trustee or trustees selected by the above method fail to accept the appointment or are otherwise prevented from serving and there are no other trustees in office, the following procedure shall obtain:
 A majority of the adult beneficiaries at a meeting called and warned for this purpose shall designate one or more successor trustees who shall then have the power outlined above to appoint their successors. The meeting shall be called by the three oldest surviving beneficiaries of the trust, and the vote necessary to appoint the trustees shall be a majority of those present and voting.
 In the event that, despite this procedure, there is no trustee duly appointed who has accepted the trust and whose appointment is not challenged by a beneficiary then the beneficiaries may petition the Superior Court for the appointment of such trustee or trustees.
The court has also been asked to approve the appointment of the successor trustees selected by the present trustee who has brought this action. All of the proposed successor trustees are beneficiaries of the trust in question. Since at this time all of the parties, beneficiaries as well as the trustee and the guardian ad litem for the minors, are in agreement that the three proposed trustees are qualified and appropriate trustees, there would appear to be no reason for rejecting their appointments particularly since their appointments were made in accordance with the precise procedure provided by the settlor in the first instance.
There is a question, however, which was raised by the guardian ad litem in his extensive and lucid report to the court and that is the apparent conflict between trustees who are beneficiaries acting as trustees when their duty is to administer the funds not merely for themselves but for both income and principal beneficiaries. To that end the court has been asked to establish, and it would appear to be appropriate to do so, that any of the beneficiaries may protest the appointment of a successor trustee by petitioning the Superior CT Page 11446 Court for that purpose.
This court also believes that it is necessary, although the provisions of the trust specifically provide for no accounting to the court so long as other trustees approve the accounting of a trustee, that there be some provision to require such an accounting at the request of two or more beneficiaries. While this seems to be contrary to the settlor's intent, it must be recalled that the people who may be the trustees in the future may never have been known to the settlor, and this provision, in effect, safeguards his original intent to provide for his beneficiaries by the careful and fair management of the trust estate.
Another issue which the court has been asked to decide is whether a bond should be required of the trustees. Again, the trust instrument specifies that no bond shall be required of the trustees selected in accordance with the provision the settlor had established. Since that has been the procedure and appears not to be questioned by the beneficiaries, the court will not now require a bond but will provide instead that such a bond may be required on the motion of two or more beneficiaries, that motion to be made initially to the trustees and failing their acceptance of the beneficiaries' request, then to the Superior Court.
With these safeguards, it seems to the court there will be no need for the court to require a bond at this time.
In addition, the plaintiff has asked the court to approve his resignation and discharge him from any liability as of the date of his resignation, March 2, 1992. This the court does not believe it can do. It has no basis for determining whether or not his accounts are in order or whether, in effect, he should be discharged of any liability for actions which he took as a trustee. The instrument does provide that his accounting may be approved by any successor trustee or trustees, and if that is done, there would be no necessity for court approval. If that is not done, then there would be.
Consequently, the court will defer any action on that question in the present state of the evidence before it.
The court, therefore, issues the following orders: CT Page 11447
1. Under the doctrine of United States Trust v. Bohart, 197 Conn. 34, the court finds that it has jurisdiction for the reasons set forth above at pages three, four and five.
2. All trustees shall, upon their acceptance of their appointment as trustee, designate one or more successor trustees to succeed them on their death or resignation subject, however, to the right of an adult beneficiary to oppose or seek to review such appointment or appointments. If the trustee or trustees selected by the above method fails or fail to accept the appointments or there is objection by an adult beneficiary to the appointment or appointments which are sustained by the Superior Court or if there are no other trustees in office, the following procedures shall obtain:
a. The majority of the adult beneficiaries, at a meeting called and warned for this purpose shall designate one or more successor trustees who shall then have the power outlined above to appoint their successors. The meeting shall be called by the three oldest surviving beneficiaries of the trust, and the vote necessary to appoint the trustees shall be a majority of those present and voting.
 In the event that, despite this procedure, there is no trustee duly appointed who has accepted the trust and has not been challenged by a beneficiary then the beneficiaries may petition the Superior Court for the appointment of such trustee or trustees.
b. The appointments of the successor-trustees designated by the plaintiff are hereby approved subject, however, to the following conditions:
 1. No accounting to the court is required by this court so long as all of the succeeding trustees approve it provided, however, that on the written request of two or more beneficiaries, the account must be approved by the Superior Court.
 2. This court will require no bond of these trustees but in view of the possible conflict of interest as set forth in the opinion, on motion of two or more beneficiaries, the trustees shall provide a CT Page 11448 bond in an amount satisfactory to the beneficiaries and, on their failure to do so, the said beneficiaries may then petition the Superior Court to set a bond.
 3. The plaintiff's resignation as trustee is approved as of the date he resigned, March 2, 1992, and the trustees selected by him as his successors are hereby confirmed as of the date of their acceptance.
3. The successor trustees shall provide for the payment of reasonable compensation to the guardian ad litem, John Orne Green, as well as for the costs and compensation of counsel for the plaintiff and defendants herein.
MARGARET C. DRISCOLL, JUDGE REFEREE